IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| DANNY GRIFFIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 C 4135 |
| v. ) | |
| ) | Wayne R. Andersen |
| JOHN E. POTTER, Postmaster General ) | District Judge |
| of the United States ) | |
| ) | |
| Defendant, ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Danny Griffin brings this *pro se* action claiming employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. Defendant John E. Potter has filed a motion to dismiss, claiming Plaintiff failed to file his complaint within the requisite filing period. For the following reasons, Defendant's motion to dismiss is granted.

## BACKGROUND

Plaintiff was an employee of the United States Postal Service who was not permitted to work overtime in late 2003 and early 2004, not permitted to make up time for being late in March, 2004, and was dismissed on March 3, 2004. He filed a complaint with the Postal Service, alleging discrimination based on race, sex, physical disability, and retaliation. On April 18, 2005, an Equal Employment Opportunity Commission (EEOC) administrative judge rendered a decision, finding no discrimination. The Postal Service adopted the administrative judge's decision and informed Griffin he could either appeal the Postal Service's decision to the

EEOC within 30 days, or file an action in the U.S. District Court within 90 days. Griffin presented his complaint to the Clerk of the U.S. District Court for the Northern District of Illinois on July 18, 2005, along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. Both motions were denied on July 22, 2005. Without payment of the filing fee, pursuant to local rules, the complaint was not filed.

On October 5, 2006, Plaintiff paid the required filing fee and the complaint was filed. Defendants now move to dismiss, claiming that a discrimination suit against the federal government must be filed within 90 days of the plaintiff's receipt of the final agency action.

## DISCUSSION

In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). Additionally, Griffin is proceeding *pro se* in this action. This necessarily means that we are to construe his pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594 (1972). Thus, Griffin's *pro se* discrimination claims may only be dismissed if "it is beyond doubt that there is no set of facts under which plaintiff could obtain relief." *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988).

Under Title VII and the ADA, a plaintiff must file a lawsuit within 90 days from the date the EEOC gives notice of the right to sue. 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1). The 90-day period begins to run when the claimant receives actual notice of his right to sue. *See Saxton v. American Tel. & Tel. Co.*, 10 F.3d 526, 532 n. 11 (7th Cir.1993) (citing *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984)).

In this case, Griffin received actual notice of his right to sue on April 25, 2005. He presented his complaint to the U.S. District Court on July 18, 2005, just within the requisite 90 day period. After Griffin's motions to proceed *in forma pauperis* and for appointment of counsel were denied on July 22, 2005, his complaint was not filed; he delayed more than fourteen months before paying the filing fees required by the Local Rules. The filing fee was paid and the complaint filed on October 6, 2006.

Even construing Griffin's response to the motion to dismiss in the most liberal manner, he offers no argument to counter Defendant's claims, nor does he offer any explanation for the fourteen month delay before filing his complaint. Accordingly, his complaint is dismissed.

## CONCLUSION

For the foregoing reasons, the court grants defendant's motion to dismiss [14] for plaintiff's failure to file his complaint within the requisite 90 day time period.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: February 20, 2007